UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

MAY 2 8 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **4:25CR286 HEA/PLC** |
| 1-JIMMY ABRAHAM MAJEAU, <br> 2-ERIC JAMES HERNANDEZ, <br> 3-SONJA ANNE ORLANDO, <br> 4-MICHAEL HUNTER, <br> 5-JONATHON JAVON WARD, <br>     aka JONATHAN JOVON WARD, <br> 6-AARON LAMONT RUSSELL, <br> 7-JUAN JOSE MENDOZA, <br> 8-MARVELL BRIAN LLOYD, <br> 9-EARL BANKS, <br> 10-ANDREW WATSON, and <br> 11-ALEXXIS MARIE RAMIREZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SUPPRESSED INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at an exact time unknown to the Grand Jury, but including January of 2020 and through the date of this Indictment, within the Eastern District of Missouri and elsewhere,

**1-JIMMY ABRAHAM MAJEAU,
2-ERIC JAMES HERNANDEZ,
3-SONJA ANNE ORLANDO,
4-MICHAEL HUNTER,
7-JUAN JOSE MENDOZA,
8-MARVELL BRIAN LLOYD,
9-EARL BANKS,
10-ANDREW WATSON, and
11-ALEXXIS MARIE RAMIREZ,**

1

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together with one or more other persons known and unknown to the Grand Jury to commit the following offenses against the United States: (a) to distribute and possess, with the intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

The quantity of cocaine involved in the conspiracy attributable to each defendant as a result of his/her own conduct, and the conduct of other conspirators reasonably foreseeable to him/her, is five (5) kilograms grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT II

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including January of 2022 and through the date of this Indictment, within the Eastern District of Missouri and elsewhere,

**2-ERIC JAMES HERNANDEZ,**
**5-JONATHON JAVON WARD,**
**aka JONATHAN JOVON WARD, and**
**6-AARON LAMONT RUSSELL,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together with one or more other persons known and unknown to the Grand Jury to commit the following offenses against the United States: (a) to distribute and possess, with the intent to distribute, a mixture or substance containing a detectable amount of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

The quantity of actual methamphetamine involved in the conspiracy attributable to each defendant as a result of his/her own conduct, and the conduct of other conspirators reasonably

foreseeable to him/her, is 50 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

## COUNT III

The Grand Jury further charges that:

On or about December 16, 2023, within the Eastern District of Missouri,

**6-AARON LAMONT RUSSELL,**

the defendant herein, did knowingly and intentionally attempt to possess, with the intent to distribute, more than 50 grams of actual methamphetamine, a Schedule II controlled substance, and took one or more substantial steps in furtherance thereof, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

## COUNT IV

The Grand Jury further charges that:

On or about December 16, 2023, within the Eastern District of Missouri,

**6-AARON LAMONT RUSSELL,**

the defendant herein, knowing that he had previously been convicted of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess one or more firearms, which had traveled in interstate or foreign commerce, sometime prior to or during the defendant's possession of them, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT V

The Grand Jury further charges that:

On or about August 15, 2024, within the Eastern District of Missouri,

**3-SONJA ANNE ORLANDO and
4-MICHAEL HUNTER,**

the defendants herein, did knowingly and intentionally possess, with the intent to distribute, more than five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT VI

The Grand Jury further charges that:

Beginning at a time unknown, but up to and including January 2020 and continuing through the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**1-JIMMY ABRAHAM MAJEAU,
2-ERIC JAMES HERNANDEZ, and
8-MARVELL BRIAN LLOYD,**

the defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and possess, with the intent to distribute, cocaine, a Schedule II controlled substance, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

# **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as set forth in Counts I, II, III and V, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts I, II, III and V.

3. Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922 as set forth in Count IV, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or used in said violation.

4. Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in Count VI, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.

5. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in such offense, or any property traceable to such property, for offenses charged in Count VI.

6. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. Residence located at 16178 Eastridge Court, Chino Hills, California, 91709;
   b. Approximately $37,290.00 U.S. Currency;
   c. Approximately $5,675.00 U.S. Currency;
   d. Approximately $11,390.00 U.S. Currency;
   e. Approximately $180,690.00 U.S. Currency;
   f. 2021 Lamborghini Urus, VIN: ZPBUA1ZL9MLA13604;
   g. Assorted Jewelry, further described as:
       i. Stainless steel and custom diamond Audemars Piguet Royal Oak watch, 37mm case, Pave' diamond dial, SN: GA8921K;
       ii. Diamond and 14k (stamped) white gold bypass style bangle bracelet, (313) 1.5mm baguette diamonds;
       iii. Diamond and 14k (tested) white gold nail motif bracelet, 8 inches in diameter;
       iv. Diamond and 14k (tested) white gold bangle bracelet, 6.6mm wide. (12) 2.7mm
       v. Diamond and 14k (tested) white gold cross pendant, 1 3/4 inches tall. (11) 3.5mm;
       vi. Diamond and 14k (stamped) white gold tennis necklace, 17 inches long. (112) 3.5mm round diamonds;
       vii. Stainless steel and custom diamond Cartier Santos Du Monde watch, 40mm case, Swiss automatic caliber, SN: 169115BX;
       viii. Diamond and 14k (stamped) white gold tennis necklace, 17 inches long. (133) 3.0mm round diamonds;
       ix. Diamond and 14k (stamped) white gold tennis bracelet, 7 inches long. (36) 4.3 to 4.4mm round diamonds;
       x. 14K White Gold Solid Diamond Miami Cuban Link Bracelet measures 10mm wide and 4.40mm deep;
       xi. Diamond and 14k (stamped) white gold tennis bracelet, 6 1/2 inches long. (43) 2.5mm round diamonds;
       xii. Diamond and 14k (stamped) white gold tennis bracelet, 6 3/4 inches long. (43) 2.7mm round diamonds;
       xiii. Diamond and 14k (stamped) yellow gold cross pendant, 2 1/2 inches tall;
       xiv. Pair of diamond and 18k (stamped) white gold stud earrings, 8.4 x 6.6mm;
       xv. 18k and mother-of-pearl Van Cleef and Arpels Alhambra necklace, SN: JD468678;
       xvi. 18k (stamped) yellow gold and mother-of-pearl Van Cleef and Arpels five motif Alhambra bracelet;
       xvii. Diamond and 14k (stamped) white gold tennis necklace, 17 inches long; and
       xviii. Ladies' 14K Rose Gold Diamond Engagement Ring features a 1ct round brilliant cut (RBC) center diamond, measuring 6.40mm, and approximately graded D-E color and SI2 clarity.

7. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
ANGIE E. DANIS, #64805MO
Assistant United States Attorney

7